**Electronically Filed
Supreme Court
SCAD-14-0001350
16-JAN-2015
11:28 AM**

SCAD-14-0001350

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

JOSEPH C. LEHMAN,
Respondent.

---

ORIGINAL PROCEEDING
(ODC 14-059-9202)

ORDER OF RECIPROCAL SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the Office of Disciplinary Counsel's December 9, 2014 petition for issuance of a reciprocal discipline notice to Respondent Joseph C. Lehman, pursuant to Rule 2.15(b) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), the memorandum, affidavit, and exhibits appended thereto, the December 22, 2014 Notice of Reciprocal Discipline issued by this court, and Respondent Lehman's December 22, 2014 submission, we note that, on February 19, 2013, the Supreme Court of Indiana suspended Respondent Lehman for a minimum of two years, for violations of the Indiana Professional Conduct Rules 1.1 (for incompetent representation), 1.2(a) (for failing to abide by a client's decisions concerning objectives of a

representation), 1.6(a) (for revealing information relating to a client without the client's informed consent), 1.9(c)(2) (for revealing information relating to the representation of a former client not permitted or required by the Rules), 1.15(a) (for commingling attorney and client funds and spending money out of trust for personal uses) and 8.4(d) (for engaging in conduct prejudicial to the administration of justice). The Indiana Supreme Court also concluded Lehman's commingling of client and attorney funds, and failure to maintain proper financial records, also violated Rules 23(29)(a)(2), 23(29)(a)(3) and 23(29)(a)(4) of the Indiana Admission and Discipline Rules. Lehman's conduct set forth in the record, if committed in this jurisdiction, would represent violations of Hawaiʻi Rules of Professional Conduct Rules 1.1, 1.2(a), 1.3, 1.4(b), 1.6(a), 1.9(c)(2), 1.15(a), 3.2, and 3.4(e). Respondent Lehman, in his response, argues denial of due process and infirmity of proof sufficient to establish an exception to reciprocal discipline under RSCH Rules 2.15(c)(1) and (2). A review of the record, however, demonstrates Respondent Lehman was provided notice of the proceedings against him, participated in the process, and was afforded an opportunity to be heard both at the hearings and thereafter by written submission. The record also demonstrates Respondent Lehman exceeded by more than two months the deadline imposed through published court rule for him to request review by the Indiana Supreme Court, and only filed said request after the court entered its final judgment in the matter. In short, a review of

2

the record does not support Respondent Lehman's contentions. Respondent Lehman's conduct, if committed in this jurisdiction, would not warrant a substantially different discipline than that imposed by the Supreme Court of Indiana. Therefore,

IT IS HEREBY ORDERED that Respondent Joseph C. Lehman is suspended for two years from the practice of law in this jurisdiction, pursuant to RSCH Rules 2.3(a)(2) and 2.15(c), effective thirty days after the entry of this order.

IT IS FURTHER ORDERED that Respondent Lehman shall, in accordance with RSCH Rule 2.16(d), file with this court, within 10 days after the effective date of his suspension, an affidavit showing compliance with RSCH Rule 2.16(d).

IT IS FURTHER ORDERED that Respondent Lehman shall bear any costs associated with these reciprocal proceedings, pursuant to RSCH Rule 2.3(c), upon approval of a timely-submitted verified bill of costs by the Office of Disciplinary Counsel.

IT IS FINALLY ORDERED that Respondent Lehman's reinstatement to practice in this jurisdiction is contingent upon submission of proof to this court of his successful reinstatement to practice in Indiana.

DATED: Honolulu, Hawaiʻi, January 16, 2015.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



3